UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JENNIFER K. RODRIGUEZ,                          **DECISION AND ORDER**

                      Plaintiff,        15-CV-00244-LJV-JJM

v.

CHELUS, HERDZIK, SPEYER, & MONTE, P.C.,

                      Defendant.
_____

        Before the court is defendant's motion to compel plaintiff to authorize the production of her medical and/or mental health records [56].[1] For the following reasons, the motion is granted.

## ANALYSIS

        Plaintiff seeks actual and statutory damages for allegedly deceptive communications by defendant in violation of the Fair Debt Collection Practices Act ("FDCPA", 15 U.S.C. §1692 *et seq*.) and state law. Corrected Second Amended Complaint [34]. She alleges that "[d]ue in part to the deceptive communications . . . [she] has suffered from marital problems, including fighting with her husband" (id., ¶67), that she "filed for a divorce against her husband" but has since reconciled with him (id., ¶68), and that she "has suffered from anxiety and panic attacks" (id., ¶69).

        In opposing defendant's motion, plaintiff argues that she seeks only "garden variety emotional distress damages", and that "a party does not put his or her emotional condition in issue by merely seeking incidental, garden-variety, emotional distress damages, without more." Plaintiff's Letter Brief [57], pp. 4, 7 (*quoting* Ruhlmann v. Ulster County

---

[1]     Bracketed references are to CM/ECF docket entries.

Department of Social Services, 194 F.R.D. 445, 450 (N.D.N.Y. 2000)). "Garden-variety emotional distress has been described . . . as ordinary or commonplace emotional distress, that which is simple or usual." Id. at 7 (*quoting* Fitzgerald v. Cassil, 216 F.R.D. 632, 637 (N.D. Cal. 2003)).

However, "panic attacks [and] anxiety . . . are not 'garden-variety' emotional distress." United States v. Barber, 2014 WL 2515171, *1 (W.D. Wash. 2014). As defendant points out, both conditions are specifically listed in the Diagnostic and Statistical Manual of Mental Disorders (Fourth Ed.). Defendant's Letter Brief [56], p. 3. Moreover, plaintiff's alleged marital difficulties exceed the scope of "garden variety" emotional distress. *See* Barnello v. Bayview Loan Servicing, LLC, 2015 WL 6165277, *2 (M.D. Fla. 2015) ("[p]laintiffs describe being embarrassed and their [*sic*] being a 'terrible stain on their marriage and family life'. These claims are sufficient to put Plaintiffs['] mental condition in controversy").

Plaintiff argues that she "does not intend to offer medical evidence in support of her claims. As such, plaintiff has not put her medical and/or mental health history or status at issue in this case." Plaintiff's Letter Brief [57], p. 3. "The issue, however, is not how Plaintiff intends to prove her emotional distress damages, but, rather Defendants' right to defend themselves fully against Plaintiff's claims . . . . If a plaintiff seeks damages for alleged emotional or psychological injuries, the defendant's case ought not be limited by the plaintiff's decision not to introduce available medical or psychological testimony that bears directly on the truth of the claim." McKinney v. Delaware County Memorial Hospital, 2009 WL 750181, *5 (E.D. Pa. 2009).

Plaintiff also argues that since the parties' settlement positions are only $5,000 apart, "there is not a significant amount in controversy in this case. It will cost the *pro se*

defendant more money than is presently at issue between the parties' settlement positions to depose the plaintiff and her husband, and to engage in expert discovery should this Court grant its motion to compel the production of plaintiff's privileged medical information". Plaintiff's Letter Brief [57], p. 4. However, plaintiff has not agreed to limit her claim for actual damages if the case does not settle,[2] and the FDCPA itself does not limit the amount of actual damages that can be awarded. Therefore, defendant is entitled to obtain the information necessary to prepare itself for trial.

Finally, plaintiff argues that "to compel [her] to disclose her confidential and privileged medical history would ensure that she would never seek to champion her own rights, nor the rights of others, no matter how egregious or unlawful the conduct was". Plaintiff's Letter Brief [57], p. 7. However, "plaintiff is considered the master of her complaint". Vasura v. Acands, 84 F. Supp. 2d 531, 535 (S.D.N.Y. 2000). Had she chosen to allege merely "garden variety" emotional distress claims, I might not require her to disclose her medical or mental health records. Having to elected to allege more serious claims, she cannot deprive defendant of the opportunity to explore the basis for those claims.

## CONCLUSION

For these reasons, defendant's motion to compel [56] is granted.

**SO ORDERED.**

Dated: March 3, 2017

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge

---

[2] Plaintiff's Initial Disclosures indicate that she seeks actual damages of $50,000. [58-1], p. 3.